UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IVY HILL ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3239** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's Motion in Limine (Doc. 46). For the following reasons, the Motion is **GRANTED IN PART**.

### BACKGROUND

Plaintiffs Ivy Hill and Stephanie Paige-Hill allege that their property at 182 Kemp Street, Independence, Louisiana, sustained damage during Hurricane Ida in August 2021. They allege that their insurer, Defendant State Farm Fire and Casualty Company, acted in bad faith and failed to provide coverage for the damages. In support of their claim, Plaintiffs produced a May 16, 2022 inspection report purportedly prepared by Brandon Johnson with iScope Loss Consulting. Through the course of discovery, however, it was revealed that neither Mr. Johnson nor any known representative of iScope Loss Consulting drafted the report. Indeed, the parties were unable to identify

1

the author of the report, and the Court granted a continuance to allow Plaintiffs to obtain a new damages estimate report.

Thereafter, Plaintiffs retained Mahlon Jager of Side by Side, Inc. Mr. Jager prepared a new damages estimate report dated June 19, 2024. Defendant has moved to exclude Mr. Jager's testimony, arguing (1) that he cannot testify regarding causation and (2) that his report is not in compliance with Rule 26.

## LAW AND ANALYSIS

First, Defendant moves to exclude Mr. Jager's testimony regarding the cause of the damage to Plaintiffs' home. Plaintiffs agree that Mr. Jager will not opine as to causation. They contend that his report provides only a detailed estimate of the damage to the property and associated repair costs. Accordingly, Mr. Jager will not be permitted to testify regarding causation.

Next, Defendant asks this Court to exclude Mr. Jager's testimony entirely because it does not comply with the requirements of Rule 26 for either retained or non-retained experts. The Court allowed Plaintiffs to substitute a new damages report in place of the one prepared by their prior non-retained expert, and therefore the Court finds it proper to treat Mr. Jager as a non-retained expert. This Court reads Rule 26(a)(2)(C) to require that a party need only disclose the name of a non-retained expert along with the "subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."[1] Plaintiffs timely

---

[1] FED. R. CIV. PRO. 26(a)(2)(C).

disclosed that Mr. Jager would testify as to "the estimate/appraisal based on the current market conditions. The prices set forth in the Xactimate and the calculations and configurations and scientific methods used to calculate the summary of the loss. Mr. Jager will also testify to the damages he observed and the photographs he took at the loss site."[2] They also disclosed that Mr. Jager would opine that "the total appraisal/estimate for the property" is $256,614.03.[3] Plaintiffs also provided Defendant with Mr. Jager's estimate and photographs from his inspection. The Court therefore finds Plaintiffs' disclosure of Mr. Jager's testimony to be in compliance with Rule 26's requirements for non-retained experts.

## CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine is **GRANTED IN PART**, and Plaintiffs' expert, Mahlon Jager, will be precluded from testifying regarding causation at trial.

New Orleans, Louisiana this 22nd day of January, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. 47-1 (Plaintiffs' Supplemental Rule 26 Initial Disclosures).
[3] *Id.*